## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY and JENNIFER STINSON, Individually and on behalf of all similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| vs. | ) | |
| | ) | CV-2011- 11-475 |
| BANK OF AMERICA, NATIONAL ASSOCIATION as successor by merger to LASALLE BANK NATIONAL ASSOCIATION as Trustee for CERTIFICATE HOLDERS of BEAR STEARNS ASSET BACKED SECURITIES I LLC., ASSET-BACKED CERTIFICATES, SERIES 2005-HE8 | ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

**NOW COME** Plaintiffs, **Jefferey and Jennifer Stinson**, individually and on behalf of all similarly situated individuals, and as their Complaint against the Defendant Bank of America avers as follows:

### INTRODUCTION

Plaintiffs bring this action for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Defendant failed to provide notice of the transfer of ownership interest in Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(g).

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1640 (Truth in Lending Act).

2.      Venue is proper here because the events giving rise to Plaintiffs' cause of action occurred in this district.

## THE PARTIES

3.      Plaintiffs are adult residents of Mobile County, Alabama.

4.      Defendant Bank of America, N.A. (hereinafter referred to as "BOA"), is a corporation formed outside the state of Alabama, with its principal place of business in Charlotte, North Carolina, and doing business in the State of Alabama. BOA is sued in its capacity as trustee for the trust identified as Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE8 ("Bear Stearns 2005-HE8 Trust").

## FACTUAL ALLEGATIONS

5.      On April 8, 2005, Plaintiffs executed a real estate mortgage with Acoustic Home Loans, LLC in the amount of $117,900.

6.      On September 24, 2010, ownership interest in the Plaintiffs' mortgage and note was assigned to the Bear Stearns 2005–HE8 Trust, said trust is formed under the laws of New York. A written Assignment identifying said trust as the assignee was executed on September 24, 2010 and recorded in the probate office of Mobile County, Alabama or on about October 5, 2010. (See Assignment attached hereto as Exhibit "A")

7.      The mortgage loan at issue was secured by the Plaintiffs' principal residence.

2

8.     The Truth-in-Lending Act, at 15 U.S.C. § 1641(g), requires notification of the borrower within 30 days of any transfer or assignment of their mortgage loan to a third party. Specifically § 1641(g) states:

(g) **Notice of new creditor**
    (1) **In general**
    In addition to other disclosures required by this sub-chapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

    (A) the identity, address, telephone number of the new creditor;
    (B) the date of transfer;
    (C) how to reach an agent or party having authority to act on behalf of the new creditor;
    (D) the location of the place where transfer of ownership of the debt is recorded; and
    (E) any other relevant information regarding the new creditor.

    (2) **Definition**
    As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

9.     The Bear Stearns 2005–HE8 Trust is the "creditor"as that term is used in 15 U.S.C.S 1641(g)(1).

10.     BOA, as Trustee, and the said trust failed to provide to Plaintiffs, and the class described below, disclosures required by TILA Section 1641(g).

## <u>COUNT ONE</u>

11.     Plaintiffs reallege the allegations above as if fully set out herein.

12.     With respect to Plaintiffs, Bear Stearns 2005–HE8 Trust and BOA, as Trustee, received by assignment a beneficial interest in their mortgage and note.

3

13.    Said mortgage secures an interest in real estate which is used by Plaintiffs as their principal dwelling.

14.    Upon receipt of that assignment, said trust and  BOA as Trustee, was required to notify Plaintiffs in writing of such transfer, within 30 days, and make all the disclosures set out above.

15.    The Bear Stearns 2005–HE8 Trust and BOA, as Trustee failed to notify Plaintiffs at all and therefore failed to make the requisite disclosures.

WHEREFORE Plaintiffs demand judgment against Bear Stearns 2005–HE8 Trust and BOA, as Trustee, for statutory damages, costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a).

### CLASS ALLEGATIONS

16.    Plaintiffs reallege the allegations above as if fully set out herein.

17.    These claims are brought on behalf of all residential mortgage borrowers who:

      A.    From a time period beginning one year prior to the date of the filing of this Complaint to the present;

      B.    Had a mortgage loan, as that term is defined by 15 U.S.C. § 1641(g)(2); and

      C.    An interest in their mortgage loan was sold or otherwise transferred or assigned to Bear Stearns 2005–HE8 Trust; and

      D.    Did not receive all of the disclosures required by 15 U.S.C. § 1641(g)(1).

18.    The identities of the class members are readily identifiable through computer records and paper records, regularly maintained in Defendant's course of business

19.    The scope of this class definition, including its temporal scope, will be further refined after discovery of Defendant's books and records.

4

20.     The Class is so numerous as to make it impracticable to bring all members of the Class before the Court.  Upon information and belief, the class includes thousands of members.  In some instances, such persons may be unaware that claims exist on their behalf. To the extent that class members have knowledge of their claims, their damages are in such amounts that when taken individually, they may be too small to justify the expense of a separate lawsuit.

21.     The representative Plaintiffs' claims are typical of, if not identical to, the claims of the class.

22.     The representative Plaintiffs will fairly and adequately represent the members of the class and have no interests which are antagonistic to the claims of the Class.

23.     The representative Plaintiffs have retained counsel who are competent and experienced in consumer fraud class action litigation, and have successfully represented consumers in numerous complex class actions.

24.     Counsel have agreed to handle this case on a contingent basis, with their compensation for professional services only as awarded by the Court.

25.     Common questions of law and fact impact the rights of each member of the Class and a common remedy by way of statutory damages is sought for the Class.

26.     There are numerous and substantial questions of law and fact common to all members of the Class which will control in this litigation and which will predominate over any so-called individual issues.

27.     A class action provides a fair and efficient method, if not the only method, for adjudicating this controversy.

5

28.     The substantive claims of the representative Plaintiffs and the class are identical and will require evidentiary proof of the same kind and application of the same law.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because class members number in the thousands and individual joinder is impracticable.

30.     The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually.

WHEREFORE, Plaintiffs for themselves and on behalf of the class of borrowers described above, demand judgment against Defendant The Bear Stearns 2005–HE8 Trust and BOA, as Trustee, and the following relief:

A)     An order certifying that this action may be maintained as a class action, as defined above, under Fed.R.Civ.R. 23(a) and 23(b)(3);

B)     An order appointing Plaintiffs as representatives of the class;

C)     An order appointing the undersigned counsel as class counsel pursuant to Fed.R.Civ.R. 23;

D)     An order directing that reasonable notice of the class action be provided to all members of the class at the appropriate time;

E)     For violating TILA, an order and judgment finding that the Defendant is liable as a matter of law to each member of the class for damages, costs and fees, as provided pursuant to 15 U.S.C. § 1640(a);

G)     An award of reasonable attorney's fees as provided by law and statute;

H)     An award of costs and expenses incurred in this action; and

6

I)   An award for such other relief as the court may deem just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY AS TO ALL CLAIMS ASSERTED HEREIN**

KENNETH J. RIEMER (RIEMK8712)
EARL P. UNDERWOOD, JR.
Attorneys for Plaintiffs

**OF COUNSEL**
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
(251) 990.5558 Telephone
(251) 990.0626 Facsimile
kjr@alaconsumerlaw.com
epunderwood@alalaw.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**Bank of America, National Association**
**THE CORPORATION COMPANY**
**2000 INTERSTATE PARK DRIVE SUITE 204**
**MONTGOMERY, AL 36109**

2010057808   Book-6706   Page-1200
Total Number of Pages: 1

0010698223/STINSON

STATE OF ALABAMA

ASSIGNMENT OF MORTGAGE

COUNTY OF MOBILE

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Solely as nominee for ACOUSTIC HOME LOANS, LLC, its successors and assigns, does hereby grant, bargain, sell, convey, assign, and deliver unto BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE8, its successors and assigns, that certain mortgage executed by JEFFREY ADAM STINSON and JENNIFER LEIGH STINSON, husband and wife, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Solely as Nominee for ACOUSTIC HOME LOANS, LLC, its successors and assigns, in the principal sum of One Hundred Seventeen Thousand Nine Hundred, and 00/100 Dollars dated the 8th day of April, 2005, and filed for record on the 18th day of April, 2005, in the Office of the Probate Judge of Mobile County, Alabama, in Book 5760, Page 930 together with the debt thereby secured, the note therein described, and all interest of the undersigned, in and to the lands and property conveyed by said mortgage.

TO HAVE AND TO HOLD unto the said, BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2005-HE8, its successors and assigns forever.

IN WITNESS WHEREOF, the said MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Solely as nominee for ACOUSTIC HOME LOANS, LLC, its successors and assigns, has caused this instrument to be executed in its name by ___Jacob R Clark___, its ___Assistant Secretary___, who is thereunto duly authorized this _24TH_ day of _SEPTEMBER_, 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Solely as nominee for ACOUSTIC HOME LOANS, LLC its successors and assigns,

BY: _____ Jacob R Clark
Its: ___Assistant Secretary___

STATE OF OHIO

COUNTY OF FRANKLIN

I, the undersigned, a Notary Public in and for said County, in said State, hereby certify that ___Jacob R Clark___, whose name as ___Assistant Secretary___ of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Solely as nominee for ACOUSTIC HOME LOANS, LLC, its successors and assigns, is signed to the foregoing assignment and who is known to me, acknowledged before me on this date, that, being informed of the contents of the conveyance, that he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

GIVEN under my hand this _24TH_ day of _SEPTEMBER_, 2010.

ANGELA D. AGUILAR GREENE
Notary Public, State of Ohio
My Comm. Expires May 12, 2015

_____
Notary Public
My Commission Expires:_____

This Instrument Prepared By:
Robert J. Wermuth
STEPHENS, MILLIRONS, HARRISON & GAMMONS. P.C.
P. O. Box 307
Huntsville, AL 35804
amd

Assignee's Address:
Bank of America, NA
c/o EMC Mortgage Corporation
3415 Vision Drive
Columbus, OH 43219

| State of Alabama-Mobile County I certify this instrument was filed on: October 5, 2010 @   3:30:36 PM | |
|---|---|
| S.R. FEE | $2.00 |
| RECORDING FEES | $3.50 |
| TOTAL AMOUNT | $5.50 |

2010057808
Don Davis, Judge of Probate